IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03101-BNB

STEVEN JEFFERY VALDEZ,

    Applicant,

v.

TRAVIS TRANI, Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Steven Jeffery Valdez, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Valdez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his conviction and sentence in Denver District Court case number 06CR4906.

On November 19, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 20, 2013, Respondents filed their Pre-Answer Response (ECF No. 10). On February 13, 2014, Mr. Valdez filed a reply (ECF No. 13) to the Pre-Answer Response.

The Court must construe the Application and other papers filed by Mr. Valdez

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Valdez was convicted by a jury of second degree murder, attempted manslaughter, and prohibited use of a weapon.  He was sentenced to a total term of forty-two years in prison.  The judgment of conviction was affirmed on direct appeal. *People v. Valdez*, No. 07CA2411 (Colo. App. Aug. 18, 2011) (unpublished) (ECF No. 10-5).  On June 4, 2012, the Colorado Supreme Court denied Mr. Valdez's petition for writ of certiorari on direct appeal.  *See Valdez v. People*, No. 11SC716, 2012 WL 1994872 (Colo. June 4, 2012).

On December 17, 2012, Mr. Valdez filed in the trial court a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. (See ECF No. 10-1 at 7.)  The trial court denied the Rule 35(b) motion on December 21, 2012.  (*See id.*)  Mr. Valdez did not appeal.

The Application was received for filing on November 14, 2013.  Mr. Valdez asserts the following eight claims for relief:  (1) the prosecutor improperly expressed a personal opinion during closing argument; (2) the trial court erred by denying the defense's challenge for cause to Juror W; (3) the trial court erred by refusing to instruct the jury concerning the weight to be given to Mr. Valdez's confession; (4) the trial court erred by denying the defense's challenge for cause to Juror B; (5) the prosecutor improperly used Mr. Valdez's post-*Miranda* silence as evidence of guilt; (6) Mr. Valdez's confession was involuntary; (7) Mr. Valdez's waiver of his *Miranda* rights was invalid;

and (8) trial counsel was ineffective.

Respondents first argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Valdez's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In

general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

As noted above, the Colorado Supreme Court denied Mr. Valdez's petition for writ of certiorari on direct appeal on June 4, 2012. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Valdez had ninety days to seek review in the United States Supreme Court but he did not do so. Therefore, Mr. Valdez's conviction became final on September 4, 2012, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

Mr. Valdez is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review and he does not argue that he did not know or could not have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(C) & (D). However, he does argue that the one-year limitation period did not begin to run when his conviction became final because he was prevented by unconstitutional state action from filing this action sooner. *See* 28 U.S.C. § 2244(d)(1)(B). More specifically, Mr. Valdez argues that the absence of an adequate prison law library in violation of his constitutional right of access to the courts hindered his ability to file a federal habeas corpus action. He alleges in support of this argument that the DOC does not provide

---

[1] The ninetieth day after June 4, 2012, was Sunday, September 2, 2012, and Monday, September 3, 2012, was a legal holiday. Therefore, the filing period extended until Tuesday, September 4, 2012. *See* Sup. Ct. R. 30.1.

legal assistance or access to computers, the law library procedures at the prison in which he was housed during the relevant time period are cumbersome and resulted in delays "ranging from days to nearly weeks" (ECF No. 13 at 6) in conducting legal research and obtaining photocopies, and the process of writing the Application by hand was extremely time-consuming.

Mr. Valdez's allegations regarding the adequacy of the prison law library do not demonstrate that he faced an impediment created by unconstitutional state action that actually prevented him from filing the Application. *See* 28 U.S.C. § 2244(d)(1)(B). The United States Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

> In order to establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351, 116 S. Ct. 2174. It follows that, to invoke § 2244(d)(1)(B)'s tolling provision-to show that an "impediment . . . created by State action in violation of the Constitution . . . prevented" the filing of a timely petition-an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Garcia v. Hatch*, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same); *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner).

*Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010).

Mr. Valdez fails to allege specific facts that demonstrate the conditions he describes violated his constitutional right of access to the courts. Mr. Valdez's reliance on *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), is misplaced. In *Egerton*, the Fifth Circuit concluded that the state's failure to provide a copy of the relevant federal statute used to deny a federal habeas petition as time-barred was an impediment for the purposes of invoking § 2244(d)(1)(B). *Id.* at 438-39. Mr. Valdez does not allege that the materials available to him in the prison law library were inadequate.

Mr. Valdez also fails to demonstrate or allege that the conditions he describes actually prevented him from filing a federal habeas petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (stating "that whatever constitutes an impediment [under § 2244(d)(1)(B)] must *prevent* a prisoner from filing his petition"). At most, the conditions Mr. Valdez describes caused delays in his efforts to conduct legal research and draft the Application. According to Mr. Valdez, he believed the one-year limitation period was going to expire on November 14, 2013. For the reasons discussed below, the Court concludes that the one-year limitation period actually expired on October 28, 2013. Mr. Valdez does not allege that he could not have filed the Application sooner if he had calculated correctly the date on which the one-year limitation period was going to expire.

For these reasons, the Court cannot conclude that the one-year limitation period began to run on some date after Mr. Valdez's conviction became final in accordance with § 2244(d)(1)(B). Therefore, pursuant to § 2244(d)(1)(A), the one-year limitation period began to run when his conviction became final on September 4, 2012.

Mr. Valdez did not initiate this action within one year after September 4, 2012.

Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled pursuant to §

7

2244(d)(2) while the postconviction Rule 35(b) motion Mr. Valdez filed on December 17, 2012, was pending.  As noted above, the trial court denied the Rule 35(b) motion on December 21, 2012.  Pursuant to Colorado Appellate Rule 4(b)(1), Mr. Valdez had forty-nine days to file a notice of appeal from the order denying the Rule 35(b) motion but he did not do so.  Therefore, the one-year limitation period was tolled pursuant to § 2244(d)(2) from December 17, 2012, through February 8, 2013, when the time to file a notice of appeal expired.

Although the one-year limitation period was tolled while the postconviction Rule 35(b) motion was pending, the 103 days after September 4, 2012, and before December 17, 2012, count against the one-year limitation period.  Therefore, when the one-year limitation period began to run again after the state court postconviction proceedings concluded on February 8, 2013, only 262 days (365 - 103 = 262) remained.  In the absence of any further tolling, the one-year limitation period expired 262 days after February 8, 2013, which was October 28, 2013.  The instant action, which was received for filing on November 14, 2013, is time-barred.

Mr. Valdez contends that the Application should be deemed filed on November 7, 2013, the date he signed the Application and placed it in the mail in accordance with the offender legal mail program.  However, even assuming the Application was filed on November 7, 2013, in accordance with the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the Application still is untimely in the absence of further tolling.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally,

equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Valdez argues that equitable tolling is appropriate because he mistakenly believed the one-year limitation period began to run after the mandate issued on direct appeal, he did not know he could appeal denial of his postconviction Rule 35(b) motion, and a lack of legal training necessary to understand and properly interpret statutes led to his mistaken belief that the one-year limitation period did not expire until November 14, 2013. Mr. Valdez also contends that equitable tolling is justified based on his argument, discussed above in the context of § 2244(d)(1)(B), that the law library at the prison in which he was confined during the relevant time period was not adequate.

The equitable tolling arguments Mr. Valdez raises in his reply to the Pre-Answer Response do not justify equitable tolling of the one-year limitation period. The fact that Mr. Valdez did not know he could appeal from the denial of his postconviction Rule 35(b) motion and miscalculated the date on which the one-year limitation period expired, allegedly because of his lack of legal training, is not sufficient to justify equitable tolling. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v.*

9

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).  Even when Mr. Valdez's *pro se* status is considered together with his assertion that he was denied access to an adequate law library, the Court still finds that equitable tolling is not justified.  *See Gibson*, 232 F.3d at 808 ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.").  "Even with limited access to a prison law library, he could raise [in federal court] only issues previously submitted in state court, so much of the research would already have been done."  *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008).  In short, Mr. Valdez fails to demonstrate that the conditions he faced actually prevented him from filing the Application in a timely manner.  He does not allege that he could not have filed the Application prior to expiration of the one-year limitation period if he had not miscalculated the date on which the one-year limitation period expired.  Therefore, the Court finds that Mr. Valdez fails to demonstrate equitable tolling is appropriate.

In conclusion, the Application will be denied as time-barred.  Because the Court finds that the entire action is untimely, the Court need not address Respondents' additional argument that claim eight is unexhausted and claims three and seven are unexhausted and procedurally defaulted.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed because the Application is untimely. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 24th day of February, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court